CLEOPAS BOYD *versus* CYRUS BARTLETT.

If, to an action upon a promissory note, given by the defendant to the plaintiff, the former file an account in set-off, the plaintiff may, by virtue of R. S., c. 82, § 55,* in turn, file and prove an account in set-off to the defendant's demands.

There being no prescribed limitation as to the time for the plaintiff to file such an account, it should be received under such conditions as will effectually protect the defendant against surprise.

ON EXCEPTIONS from *Nisi Prius*.
The material facts appear in the opinion.

* See opinion.

*D. D. Stewart,* in support of the exceptions.

*J. Crosby, contra.*

The law will not appropriate independent claims in payment of each other. *Nason* v. *McCulloch,* 31 Maine, 158. To allow plaintiff to file and prove his account against defendant, in order to rebut defendant's evidence that plaintiff agreed to allow defendant's account in payment of the note declared on, would admit evidence too remote. The most that could be said of it would be, that it might tend to show that it was not for plaintiff's interest so to agree. Parties are judges of their interests and of their inducements to make agreements. *Hilton* v. *Scarborough,* 5 Gray, 422; *Aldrich* v. *Pelham,* 1 Gray, 510; 1 Greenl. on Ev., §§ 52, 448; *Low* v. *Worcester,* 3 Pick., 462; *Ellis* v. *Short,* 21 Pick., 142; 1 Starkie on Ev., 40.

APPLETON, C. J. — This is an action upon a note of hand signed by the defendant, who filed notes of the plaintiff to himself in set-off, — and an account likewise, which he " claimed should be applied in payment."

The case finds that " the plaintiff asked leave to prove, and proposed to offer evidence, that he had an account against the defendant, and claimed that he had a right to offer evidence of his account to rebut the defendant's account, and also as proper evidence bearing upon the question whether there was any agreement between the parties as to the payment of the note by the plaintiff's account. The defendant testified that there was an agreement on the part of the plaintiff that the account should be applied in payment of the note. The plaintiff testified there was no such agreement. The defendant introduced evidence tending to show such an agreement. The defendant admitted, upon cross-examination, that the plaintiff had an account against him. The plaintiff then offered to prove the items of such account for the purposes before stated ; such account and the items thereof being of many years standing. The pre-

siding Judge excluded the evidence of the plaintiff's account."

If the account filed by the defendant was paid by the plaintiff's account against him, then the note in suit would be due, except so far as the amount should be reduced by the notes filed in set-off. The plaintiff claimed to show that the account in set-off was paid by his account against the defendant and, consequently, that it was not and could not have been in payment of the note in suit.

That it was competent for the plaintiff to prove the payment of the defendant's account filed in set-off by his own account, if such was the fact, cannot be doubted.

By R. S., 1857, c. 82, § 4, "demands between plaintiff and defendant may be set off against each other."

By § 55, the trial may proceed in cases of set-off on issue joined without a plea of set-off; and, if an issue is not otherwise formed, the defendant may, except in actions of assumpsit, plead that he does not owe the sum demanded; and the plaintiff will be entitled to every defence, that he might have, by any form of pleading, to an action against him on the same demand."

The section authorizes the use of every defence to the account in set-off that the plaintiff might have by any form of pleading, had an action been brought against him in this demand. By § 46, "the defendant * * must file a brief statement of his demand in substance as certain as on a declaration, which, by leave of Court, may be amended. This is to be regarded in substance as a plea of set-off. The same right of set-off which the defendant has against the plaintiff's claim, the plaintiff may have against the set-off. There is no provision by statute and no rule of Court prescribing the time within which the plaintiff should file his accounts against the defendant's set-off. But, because there is no such statutory enactment, and no rule of Court, the plaintiff should not be deprived of any valid defence he may have to the defendant's claim in set-off. This would be to

annul the statute. The plaintiff's account, if proved, would constitute a defence *pro tanto* to the defendant's account, and it should have been received—and, received under such conditions as would effectually protect the defendant against surprise and enable him to be fully prepared to meet it.

The provision under consideration is most consonant with equity. In *Galligan* v. *Farnum*, 9 Allen, 192, it was held, under the provisions of a statute similar to that to which we have referred, that if the defendant files a set-off, the plaintiff in answer to the declaration in set-off, may, in his turn, file a set-off to the defendant's demands.

It is but just that the plaintiff should be permitted to file and prove his account in answer to the defendant's set-off.                                   *Exceptions sustained.*

WALTON, DICKERSON, BARROWS and TAPLEY, JJ., concurred.

CUTTING, J.— I concur in the result, on the ground that the evidence was admissible as tending to show the improbability of the defendant's account being received in payment of the note in suit, when the plaintiff had a cotemporaneous account against the defendant.